## EXPECTANCIES OF HUSBAND IN FIXING ALIMONY.

Circuit Court of Lucas County.

EUSEBE DAVIS v. JESSE E. DAVIS.

Decided, January 23, 1909.

*Alimony—Property of Husband at Time of Granting the Decree is the Proper Basis for Fixing—Naked Expectancies Can Not be Regarded.*

"Expectancy" as applied to property which may be considered in determining a husband's ability to pay alimony does not include the mere possibility of accession by inheritance from his living parents.

*W. T. S. O'Hara,* for plaintiff.
*L. M. Murphy,* contra.

WILDMAN, J.; KINKADE, J., concurs; PARKER, J., not sitting.

Appeal from Lucas Common Pleas Court.

This is an alimony case, appealed from the court of common pleas, which entered a decree for alimony in favor of the wife to the amount of $2,000, probably basing the judgment upon an anticipation of large property some day coming to the defendant, Jesse R. Davis, by inheritance from his father. Counsel, reserving all questions as to competency, agreed during the progress of the trial that the father of the defendant is at the present time worth about the sum of $20,000, the son having substantially no property in his own name. We have supplemented the research made by defendant's counsel seeking to ascertain whether the courts of the various jurisdictions of the country have been called upon to pass upon the admissibility of this class of evidence, or to put it in another form to ascertain whether they have determined that, in alimony cases, the court may aid itself in arriving at what would be a just allowance by recourse to the expectancies of the husband. We have been unable to find authorities in which the question is directly raised and passed upon; but cases are numerous to the effect that the property of the defendant as it existed at the time of the decree is the proper basis of the allowance, considering, of course, the

necessities of the plaintiff and the nature of the case in other respects. We feel quite clear that the evidence of defendant's expectancy of inheritance ought not to be taken account of by us. A mere naked expectancy is one which may never bear fruit; it may not result in bringing to the party against whom a judgment is rendered any property whatever out of which a judgment might be satisfied, and the result of entering a large decree would be to impose upon him a burden of debt which he might never have the means of satisfying. Perhaps for this, among other reasons, courts have retained jurisdiction in many cases, so as to permit the modification of decrees at subsequent dates according to changed conditions.

I wish to call attention to some language in Mr. Bishop's work on Marriage and Divorce with reference to the power of maintaining such continuing jurisdiction, but before doing that, in reference to the question which I have just been considering relating to the effect of the expectancy of a large property, we may properly refer to the section of our statute which makes provision for alimony. It is Section 5699, Revised Statutes, and provides, substantially, that the court may allow alimony *out of the property of the defendant.* While counsel have agreed that the defendant's father is financially responsible, or has property to the amount of $20,000 as estimated, there has been no concession that the father has not made a will and devised or bequeathed all of this estate in some other direction than to his son. For aught that appears, the father may have resolved in his own mind to this effect and he may even have crystalized that resolution in a valid will and testament disposing of the property by gift to some other relative, to some charitable institution, or in some other way to have provided that it shall take a different course than to pass by descent to the son, and without any light on this subject it would be hard for us to say that the son has such an expectancy that ought to be considered here, even if it were otherwise permissible.

The case of *Cox* v. *Cox*, 20 Ohio St., 439, is thought by counsel for plaintiff to bear somewhat upon the decision of this question, and it does so, although it comes in the form of a dictum of the Supreme Court. It is not necessary to read the case, but it

appears that after the allowing of a decree by an Indiana court, property came to the husband by inheritance. At a later date and subsequent to this accession to his property, a proceeding was instituted for alimony, in Ohio, and the Supreme Court held that this new property might properly be taken account of and judgment rendered accordingly; and in coming to that conclusion the Supreme Court expressed the dictum as follows:

"The court has a broad discretion in determining the amount of alimony. In a proper case there is no good reason why the court may not, among other things, look to and regard what the husband has in expectancy, as well as that which he has in possession. Here, however, the court were not called upon to do so. The expectancy had become realized and become part of the husband's estate."

This language is entitled to the highest respect, but it not authoritative as it would have been if essential to the determination of the case considered by the Supreme Court.

In 2 Bishop, Mar. & Div. (Ed. 1891), Section 895, the author uses this language:

"If the husband has a vested estate, of which he is to have possession only on the death of another person, so that it brings him no immediate income, yet it is a thing of value under his control, some estimate must be made of it among his faculties. Precisely its effect will depend on shifting complications of circumstances, not admitting of being stated in the form of a rule. 'I think,' said Dr. Lushington, 'that with regard to permanent alimony the court would make a different allotment in a case where the income of the husband was derived from his sole personal labor or exertions, from what it would do when he had moreover a large reversionary property in expectancy.'"

Now it is probable that the Supreme Court, in the language to which I have referred in the case of *Cox* v. *Cox, supra,* intended by the expression "expectancy" just such an expectancy as Mr. Bishop mentions in the paragraph a part of which I have read. The author was not considering a mere naked expectancy. If we should so interpret the language of the Supreme Court of Ohio, it would be altogether consistent with the general current of authority holding that all the powers of the husband, his

bodily and mental health, his skill as an artisan or a professional man, his power to earn wages or a salary, may be taken into account. We are inclined to the view that we ought not to take into account the estimated value of Jesse Davis' expectancy of inheritance and base upon it a decree of alimony against him. It may be a matter to consider determining whether or not we shall decree alimony in gross, or whether we shall retain jurisdiction of the case for such consideration as we might have the power and right to give it upon any changed circumstances of the parties.

I will not go over the evidence which has been offered concerning these parties, the conditions of their health, the necessities of the one or the ability to supply them on the part of the other.

We have concluded to render a decree for alimony to the amount of two dollars a week, and we will retain jursidiction of the case for such consideration as may be proper in the future and as we may have the right to give. The order which we make does not disturb any order which may have been made as to temporary alimony, nor does it of course disturb in any way the order which the court of common pleas has made as to the maintenance of the child, the custody of which was given to the wife. As to that we have no power of interference.